IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50456
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE MARTINEZ-PEREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-99-CR-1713-ALL-DB
--------------------
December 14, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Jorge Martinez-Perez appeals his sentence following a guilty plea conviction for illegal reentry after deportation, a violation of 8 U.S.C. § 1326. He was sentenced pursuant to 8 U.S.C. § 1326(b)(2) as an alien previously deported after an aggravated felony. Martinez argues that 8 U.S.C. § 1326(b)(2) defines a separate offense and includes the additional element of an aggravated felony; because his indictment did not include this element, he argues his sentence under 8 U.S.C. § 1326(b)(2) violates due process. See blue brief, 7. In the alternative, he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that 8 U.S.C. § 1326(b)(2) is an unconstitutional sentencing enhancement.

Martinez acknowledges that his arguments are foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve these issues for possible Supreme Court review in light of Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). However, until overruled by the Supreme Court, these arguments remain foreclosed by the decision in Almendarez-Torres. See United States v. Dabeit, No. 00-10065, 2000 WL 1634264, at *4 (5th Cir. Oct. 30, 2000).

AFFIRMED.